*1080 OPINION.
Littleton :
The evidence shows that the income-tax return of the individual income of Samuel Eadin prior to his death for the period January 1 to November 8, 1919, was filed with the collector of internal revenue on May 8, 1920, more than five years before the mailing of the deficiency notice upon which this proceeding is based. At the hearing the taxpayer claimed that no consent had been executed and counsel for the Commissioner claimed that a “ waiver ” of the statute of limitation had been filed for the period January 1 to November 8, 1919, and offered in evidence a paper writing purporting to be a consent entered into between the estate of Samuel Eadin and the Commissioner for a determination and assessment beyond the statutory period of limitation. Upon examination it appeared that the consent in question related to the determination and assessment of any additional tax that might be due for a taxable period subsequent to the death of Samuel Eadin which the administra-trix had not claimed was barred. The Commissioner thereupon withdrew the offer of this document in evidence. The taxpayer and the Commissioner have not consented in writing to the assessment of any tax for the period January 1 to November 8, 1919, beyond the five-year period prescribed by the statute of limitation. The deficiency involved has not been assessed and the return was not false and fraudulent. It is not claimed by the Commissioner that any *1081 suit has been instituted for the collection of the tax without assessment. The deficiency for the period January 1 to November 8, 1919, is barred and there is, therefore, no deficiency for that taxable period.
The Commissioner determined that the opening and closing inventories claimed by the petitioner for the calendar year 1920, were incorrect, and that the method of accounting employed by the petitioner did not clearly reflect income. After an audit and investigation of the books and records, the Commissioner computed the income for the period upon such basis as in his opinion clearly reflected income — the basis used by him being the cash receipts and disbursements basis, and the petitioner has not submitted sufficient evidence to show that his determination was erroneous. We therefore approve the Commissioner’s determination in this regard.
There is no question in this proceeding concerning the profit upon the sale of the property owned by the decedent at the time of his death or that, at the time of such sale by the administratrix, the estate of Samuel Eadin was in process of administration and settlement. During the year 1920 Etta Eadin held the property as administra-trix and as guardian. The Board is unable from the evidence to hold that the Commissioner erred in taxing the profit upon the sale of the property of the estate under the provisions of section 219 of the Eevenue Act of 1918.
Eeviewed by the Board.
Judgment will be entered on IS days' notice, under Rule SO.